| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
|---|---|

| UNITED STATES, | |
|---|---|
| Petitioner, | ORDER |
| - versus - | 15-cr-0028 (JG) |
| ESPAR INC., | |
| Defendant. | |

JOHN GLEESON, United States District Judge:

The government and the defendant, Espar Inc. ("Espar"), seek to have Espar plead guilty to a violation of the Sherman Act, 15 U.S.C. § 1, and to have me approve a sentence bargain pursuant to Fed. R. Crim. P. 11(c)(1)(C) and impose sentence at the same time. On February 5, 2015, I granted an application to combine the plea and sentencing into one hearing. *See* ECF No. 2 (Letter Request). However, on further review of the Plea Agreement and the Unopposed Sentencing Memorandum, I have concluded that combining the two proceedings would be improvident. For the reasons discussed below, that February 5, 2015 order is vacated.

If a defendant pleads guilty, the plea agreement may specify that an attorney for the government will "agree that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply . . . ." Fed. R. Crim. P. 11(c)(1)(C). Where a plea agreement includes an agreed-upon sentence pursuant to Rule 11(c)(1)(C), I may accept the agreement if the sentence is within the applicable guideline range or I am satisfied that "the agreed sentence is outside the applicable guideline range for justifiable reasons." U.S.S.G. § 6B1.2(c).

As the parties know, it is my view that judges have a role to play in overseeing plea agreements and sentencing bargains. *See United States v. HSBC Bank USA, N.A.*, No. 12-CR-763, 2013 WL 3306161, at *4 (E.D.N.Y. July 1, 2013) (discussing the importance of the court's supervisory

power).  At the same time, there are many good reasons to defer to the parties' agreements about a plea or a sentence.  *See* John Gleeson, "Sentence Bargaining Under the Guidelines," 8 *Fed. Sentencing Reporter* 314, 315-16 (1996) (listing factors that influence plea and sentencing bargains and merit deference from a judge).  Deference ought to be paid to sentencing bargains because prosecutors are in the best position to make decisions about what sentence to pursue in plea negotiations.  *See* John Gleeson, "The Sentencing Commission and Prosecutorial Discretion: The Role of the Courts in Policing Sentence Bargains," 36 *Hofstra L. Rev*. 639, 657 (2008).  On the other hand, that deference cannot be blind.

Based on the documents presented so far, there are at least three reasons not to link the plea and the sentencing in the manner requested.  One is my current belief that I cannot waive the presentence report.  After reviewing the filings since the February 5 order, I cannot make the finding required under Fed. R. Crim. P. 32 "that the information in the record enables [me] to meaningfully exercise [my] sentencing authority under 18 U.S.C. § 3553."  Fed. R. Crim. P. 32(c)(1)(A).

Both the Plea Agreement and the Unopposed Sentencing Memorandum say that those documents, along with the record that will be created at the plea and sentencing hearing and further information about the extent of defendant's cooperation, will "enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553" without necessitating a presentence report.  Plea ¶ 10; Unopposed Sentencing Memorandum (March 5, 2015) ("Sentencing Memo") at 1.  Though I have no reason to doubt the good faith of the parties in making those assertions, I conclude that the only way to truly ensure that, *inter alia*, the agreed-upon fine is not too modest is to order the preparation of a presentence report.  The Second Circuit has said that "dispensing with a presentence report should be done very rarely and then only if accompanied with a statement of the reasons therefor."  *See United States v. Manuella*, 478 F.2d 440, 442-43 (2d Cir. 1973) (finding error for a trial court to sentence a

2

defendant before receiving a presentence report even where there was no indication the defendant was harmed). This is not one of those rare cases.

The second reason arises out of the terms of the agreements. For example, Espar's promise in Paragraph 13(b) of the Plea Agreement to "secure[] the full, truthful, and continuing cooperation" of all its directors, employees, and officers – except those listed on attachment A to the plea agreement – may implicate important issues. The Plea Agreement further specifies that the cooperation of defendant's directors, officers, and employees will include producing documents, being available for interviews, responding to government inquiries, and testifying in grand jury and other judicial proceedings. *See* Plea ¶ 14(a) – (e). The manner in which Espar fulfills its obligations and the sanctions the individuals face if they choose not to cooperate may raise Fifth Amendment concerns. *See United States v. Stein*, 440 F. Supp. 2d 315, 336-37 (S.D.N.Y. 2006) (suppressing employees' statements as coerced where the government pressured the defendant corporation to secure the cooperation of its employees). Before I place the Court's imprimatur on the parties' agreement, I will want to learn more about that feature of it.

Similarly, I notice that the parties' agreement may anticipate the foregoing concern, but in doing so it may raise an equally troubling one. As part of the Plea Agreement, the government agrees to a form of limited use immunity for company employees who are called upon by Espar to cooperate with the government pursuant to Espar's obligation under the agreement. *See* Plea ¶ 16(d). This limited immunity disappears if the person does not cooperate fully. *See id.* at ¶ 16(c) & (e). These provisions may blunt the concern expressed above regarding compelled testimony, but in *United States v. Doe* the Supreme Court found that a mere promise not to use compelled testimony is insufficient; instead, the government needs to provide a statutory grant of immunity pursuant to 18 U.S.C. §§ 6002 and 6003. 465 U.S. 605, 617 (1984). Moreover, the promise of immunity in this case may be even more

3

concerning than the promise of immunity in *Doe*, since the agreement makes its promise to Espar rather than to the directors, officers, and employees whose testimony may be compelled.

I do not suggest here that these concerns are necessarily well-founded, let alone insurmountable. But the proper exercise of the court's supervisory power requires me to make sure I am not approving an agreement that would violate the rights of individuals affected by it. I am not prepared to waive a presentence report or to combine the plea and sentencing. Nor will I direct a presentence investigation to occur before the defendant has been adjudicated guilty, by plea or otherwise. This is a criminal case; there are rules, and I will follow those rules with regard to Espar just as I do with individual defendants. I apologize to the parties for stating otherwise in my February 5 order.

The case remains on my calendar for March 12, 2015, at 11:00 a.m. If Espar wishes to offer a plea of guilty at that time, it may do so, but in that event a sentencing will be scheduled rather than immediately follow.

So ordered.

John Gleeson, U.S.D.J.

Dated: March 10, 2015
       Brooklyn, New York