UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 1 2 2015 ★

BROOKLYN OFFICE

-------------------------------------------------------------- x

UNITED STATES OF AMERICA            :      Criminal No.

           v.                         :      Filed:

ESPAR INC.,                         :      Violation:  15 U.S.C. § 1

           Defendant.          :

-------------------------------------------------------------- x

## INFORMATION

### COUNT 1
### CONSPIRACY TO RESTRAIN TRADE
### (15 U.S.C. § 1)

The United States, acting through its attorneys, charges:

1.  Espar Inc. (hereinafter the "defendant") is hereby made a defendant on the charge stated below.

## I

## DESCRIPTION OF THE OFFENSE

2.  From at least as early as October 1, 2007 and continuing through at least until December 31, 2012 (the "relevant period"), the exact dates being unknown to the United States, the defendant and its co-conspirators participated in a combination and conspiracy to suppress and eliminate competition for the sale of parking heaters for commercial vehicles in the aftermarket by agreeing to fix, stabilize, and maintain prices of parking heaters for commercial vehicles sold to aftermarket customers in the United States and elsewhere in North America. The charged conspiracy unreasonably restrained interstate and foreign trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

1

3.     Parking heaters are devices that heat the interior compartment of a motor vehicle independent of the operation of the vehicle's engine.  Parking heaters are used in a wide variety of commercial vehicles.  Parking heaters sold by the defendant and its competitors included two primary types:  air heaters, which work by heating interior or outside air drawn into the heater unit, and water or "coolant" heaters, which are integrated into the engine coolant circuit and heat the engine as well as the interior compartment.  As used in this Information, (i) the term "parking heaters" includes the heaters themselves, accessories sold for use with heaters, and packages containing heaters and selected accessories (parking heater "kits"), and (ii) "aftermarket customers" are customers that purchase parking heaters for installation in a vehicle after it has been sold by the original vehicle manufacturer.

4.     The charged conspiracy consisted of a continuing agreement, understanding, and concert of action among the defendant and its co-conspirators, the substantial terms of which were to fix, stabilize, and maintain prices of parking heaters for commercial vehicles sold to aftermarket customers in the United States and elsewhere in North America.

## II

## MEANS AND METHODS OF THE CONSPIRACY

5.     During the relevant period, for the purpose of forming and carrying out the charged conspiracy, the defendant and its co-conspirators knowingly did those things that they combined and conspired to do, including, among other things:

(a)     participating in communications, discussions, and meetings in the United States and elsewhere to discuss aftermarket prices for parking heaters for commercial vehicles;

(b)     agreeing, during those conversations and meetings, to set a price floor for parking heater kits for commercial vehicles sold to aftermarket customers in the United States and elsewhere in North America;

2

(c)      agreeing, during those conversations and meetings, to coordinate the timing and amount of price increases for parking heaters for commercial vehicles sold to aftermarket customers in the United States and elsewhere in North America;

(d)      exchanging information during those conversations and meetings for the purpose of monitoring and enforcing adherence to the agreements described in subparagraphs (b) and (c) above; and

(e)      selling parking heaters for commercial vehicles to aftermarket customers at collusive and non-competitive prices in the United States and elsewhere in North America.

## III

## DEFENDANT AND CO-CONSPIRATORS

6.      During the relevant period, the defendant, the wholly-owned subsidiary of Eberspaecher Climate Control Systems International Beteiligungs-GmbH, located in Esslingen, Germany, and was engaged in the sale of parking heaters for commercial vehicles to aftermarket customers in the United States and elsewhere in North America.

7.      Certain individuals and corporations, not made defendants in this Information, participated as co-conspirators in the offense charged and performed acts, and made statements in furtherance of it.

8.      Whenever this Information refers to any act, deed, or transaction of any company or corporation, it means that the company or corporation engaged in the act, deed, or transaction by or through its officers, directors, employees, agents, or other representatives while they were actively engaged in the management, direction, control, or transactions of the business or affairs of the company or corporation.

3

IV

## TRADE AND COMMERCE

9.      During the relevant period covered by this Information, the defendant and its co-conspirators sold and shipped parking heaters for commercial vehicles in a continuous and uninterrupted flow of interstate and foreign trade and commerce to aftermarket customers located in states and countries outside the place of origin of the shipments.  In addition, substantial quantities of equipment and supplies necessary to the production and distribution of such parking heaters, as well as payments for those parking heaters, traveled in interstate and foreign trade and commerce.

10.      During the relevant period, the business activities of the defendant and its co-conspirators in connection with the sale of parking heaters to aftermarket customers that were the

/

/

/

/

/

/

/

/

/

/

/

/

/

subject of the charged conspiracy were within the flow of, and substantially affected, interstate, and foreign trade and commerce.

**ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.**

WILLIAM J. BAER
Assistant Attorney General
Antitrust Division
U.S. Department of Justice

JEFFREY D. MARTINO
Chief, New York Office
Antitrust Division
U.S. Department of Justice

BRENT SNYDER
Deputy Assistant Attorney General
Antitrust Division
U.S. Department of Justice

STEPHEN J. McCAHEY
Assistant Chief, New York Office
Antitrust Division
U.S. Department of Justice

MARVIN N. PRICE, JR.
Director of Criminal Enforcement
Antitrust Division
U.S. Department of Justice

CARRIE A. SYME
ANTONIA R. HILL
Attorneys, New York Office
Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Room 3630
Tel:  (212) 335-8036
Fax: (212) 335-8023
Email:  carrie.syme@usdoj.gov

LORETTA E. LYNCH
United States Attorney, Eastern District
Of New York
U.S. Department of Justice

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

5