COURT EXHIBIT
#1
3/12/2015

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. |
| v. | : | Filed: |
| ESPAR INC., | : | Violation: 15 U.S.C. § 1 |
| Defendant. | : | |

------------------------------------------------------------- x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAR 12 2015 ★

BROOKLYN OFFICE

## PLEA AGREEMENT

The United States of America and Espar Inc. (hereinafter, the "defendant"), a corporation organized and existing under the laws of Illinois, hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

### RIGHTS OF DEFENDANTS

1. The defendant understands its rights:

(a) to be represented by an attorney;

(b) to be charged by Indictment;

(c) to plead not guilty to any criminal charge brought against it;

(d) to have a trial by jury, at which it would be presumed not guilty of the charge and the United States would have to prove every essential element of the charged offense beyond a reasonable doubt for it to be found guilty;

(e) to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(f) to appeal its conviction if it is found guilty; and

(g) to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2. The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(f) above. The defendant also knowingly and voluntarily waives any objection or defense it may have to the prosecution of the charged offense in the United States District Court for the Eastern District of New York based on venue. The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 9 of this Plea Agreement, regardless of how the sentence is determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b)-(c). Nothing in this paragraph, however, will act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct. The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct. Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a one-count Information to be filed in the United States District Court for the Eastern District of New York. The Information will charge the defendant with participating in a combination and conspiracy to suppress and eliminate competition in the sale of parking heaters for commercial vehicles in the aftermarket by agreeing to fix, stabilize, and maintain prices of parking heaters, sold to aftermarket customers in the United States and elsewhere in North America, from at least as early as October 1, 2007 through at least December 31, 2012, in violation of the Sherman Antitrust Act, 15 U.S.C. § 1.

3.  The defendant will plead guilty to the criminal charge described in Paragraph 2 above pursuant to the terms of this Plea Agreement and will make a factual admission of guilt to the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraph 4 below.

## **FACTUAL BASIS FOR OFFENSE CHARGED**

4.  Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts:

(a)  For purposes of this Plea Agreement, the "relevant period" is that period from at least as early as October 1, 2007 through at least December 31, 2012. During the relevant period, the defendant was a corporation organized and existing under the laws of Illinois. During the relevant period, the defendant was a wholly-owned subsidiary of Eberspaecher Climate Control Systems International Beteiligungs-GmbH, located in Esslingen, Germany.

(b)  During the relevant period, the defendant was engaged in the sale of parking heaters, which are devices that heat the interior compartment of a motor vehicle independent of the operation of the vehicle's engine. Parking heaters are used in a wide variety of commercial vehicles. Parking heaters sold by the defendant and its competitors included two primary types: air heaters, which work by heating interior or outside air drawn into the heater unit, and water or "coolant" heaters, which are integrated into the engine coolant circuit and heat the engine as well as the interior compartment. As used in this Plea Agreement, (i) the term "parking heaters" includes the heaters themselves, accessories sold for use with heaters, and packages containing heaters and selected accessories (parking heater "kits") and (ii) "aftermarket customers" are customers that purchase parking heaters for installation in a vehicle after it has been sold by the original vehicle manufacturer.

(c) During the relevant period, the defendant and some of its related entities, as defined in Paragraph 13 of this Plea Agreement, were engaged in the sale of parking heaters in the United States and elsewhere and employed at least 650 individuals. During the relevant period, the defendant's sales of parking heaters to U.S. aftermarket customers totaled at least $62.4 million.

(d) During the relevant period, the defendant, through its directors, officers, and employees, including high-level personnel of the defendant, participated in a combination and conspiracy to suppress and eliminate competition by agreeing to fix, stabilize, and maintain prices to parking heaters for commercial vehicles sold to aftermarket customers in the United States and elsewhere in North America, from at least as early as October 1, 2007 through at least December 31, 2012. In furtherance of the conspiracy, the defendant, through its directors, officers, and employees, engaged in communications and discussions and attended meetings with representatives of its co-conspirators. During these communications, discussions, and meetings, agreements were reached to fix, stabilize, and maintain prices on parking heaters to be sold to aftermarket customers in the United States and elsewhere in North America. During the relevant period, parking heaters sold by one or more of the conspirator firms, and equipment and supplies necessary to produce and distribute parking heaters, as well as payments for parking heaters, traveled in interstate and foreign commerce. The business activities of the defendant and its co-conspirators in connection with the production and sale of parking heaters that were the subject of this conspiracy were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## ELEMENTS OF THE OFFENSE

5. The elements of the charged offense are that:

4

(a) the conspiracy described in the Information existed at or about the time alleged;

(b) the defendant knowingly became a member of the conspiracy; and

(c) the conspiracy described in the Information either substantially affected interstate commerce in goods or services or occurred within the flow of interstate commerce in goods and services.

## POSSIBLE MAXIMUM SENTENCE

6. The defendant understands that the statutory maximum penalty that may be imposed against it upon conviction for a violation of Section One of the Sherman Antitrust Act is a fine in an amount equal to the greatest of:

(a) $100 million (15 U.S.C. § 1);

(b) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. § 3571(c) and (d)); or

(c) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

7. In addition, the defendant understands that:

(a) pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b) pursuant to §8B1.1 of the United States Sentencing Guidelines ("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or § 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c) pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

8. The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider, in determining and imposing sentence, the Guidelines Manual in effect on the date of sentencing unless that Manual provides for greater punishment than the Manual in effect on the last date that the offense of conviction was committed, in which case the Court must consider the Guidelines Manual in effect on the last date that the offense of conviction was committed. The parties agree there is no *ex post facto* issue under the November 1, 2014 Guidelines Manual. The Court must also consider the other factors set forth in 18 U.S.C. § 3553(a) in determining and imposing sentence. The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard. The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).

## SENTENCING AGREEMENT

9. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), and subject to the full, truthful, and continuing cooperation of the defendant and its related entities, as defined in Paragraph 13 of this Plea Agreement, the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $14,970,000, payable in full before the thirtieth (30th) day after the date of judgment, and no order of restitution ("the recommended sentence"). The defendant and the United States agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S.

6

Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0. The defendant and the United States agree not to seek at the sentencing hearing any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement. The defendant and the United States further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(a) The defendant understands that the Court will order it to pay a $400 special assessment, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(b) In light of the availability of civil causes of action, which potentially provide for a recovery of a multiple of actual damages, the recommended sentence does not include a restitution order for the offense charged in the Information.

10. The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 11, will provide sufficient information concerning the defendant, the crime charged in this case, and the defendant's role in the crime to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553. The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii) and U.S.S.G. §6A1.1. The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

11. Subject to the full, truthful, and continuing cooperation of the defendant and its related entities, as defined in Paragraph 13 of this Plea Agreement, and prior to sentencing in this

case, the United States will fully advise the Court of the fact, manner, and extent of the defendant's and its related entities' cooperation and their commitment to prospective cooperation with the United States' investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offense, and all other relevant conduct.

12. The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 9 of this Plea Agreement.

(a) If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for Paragraph 12(b) below, will be rendered void.

(b) If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty plea (Fed. R. Crim. P. 11(c)(5) and (d)). If the defendant withdraws its plea of guilty, this Plea Agreement, the guilty plea, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty plea or this Plea Agreement or made in the course of plea discussions with an attorney for the government will not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410. In addition, the defendant agrees that, if it withdraws its guilty plea pursuant to this subparagraph of this Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 15 of this Plea Agreement will be tolled for the period between the date of signature of this Plea Agreement and the date the defendant withdrew its guilty plea or for a period of sixty (60) days after the date of signature of this Plea Agreement, whichever period is greater.

## DEFENDANT'S COOPERATION

13. The defendant and its immediate parent corporation, Eberspaecher Climate Control Systems International Beteiligungs-GmbH; the defendant's indirect parent corporations Eberspaecher Climate Control Systems GmbH & Co. KG (formerly known as J. Eberspaecher GmbH & Co. KG) and Eberspaecher Gruppe GmbH & Co. KG; and Espar Products Inc., the defendant's affiliate, and any of its related entities in which the defendant or any of the companies specifically named in this Paragraph 13 had a greater than 50% ownership interest as of the date of signature of this Plea Agreement) (collectively "related entities") will cooperate fully and truthfully with the United States in the prosecution of this case, the current federal investigation of violations of federal antitrust and related criminal laws involving the sale of parking heaters to customers in the United States and elsewhere in North America; any federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party (collectively "Federal Proceeding"). Federal Proceeding includes, but is not limited to, an investigation, prosecution, litigation, or other proceeding regarding obstruction of, the making of a false statement or declaration in, the commission of perjury or subornation of perjury in, the commission of contempt in, or conspiracy to commit such offenses in, a Federal Proceeding. The full, truthful, and continuing cooperation of the defendant and its related entities will include, but not be limited to:

(a) producing to the United States all documents, information, and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine (and with translations into English when requested by the United States), in the possession,

9

custody, or control of the defendant or any of its related entities, that are requested by the United States in connection with any Federal Proceeding; and

(b) securing the full, truthful, and continuing cooperation, as defined in Paragraph 14 of this Plea Agreement, of current directors, officers, and employees of the defendant or any of its related entities, but excluding individuals listed in Attachment A filed under seal, including making these persons available in the United States and other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding. Current directors, officers, and employees are defined for purposes of this Plea Agreement as individuals who are directors, officers, or employees of the defendant or any of its related entities as of the date of signature of this Plea Agreement.

14. The full, truthful, and continuing cooperation of each person described in Paragraphs 13(b) above will be subject to the procedures and protections of this paragraph, and will include, but not be limited to:

(a) producing in the United States and at other mutually agreed-upon locations all documents, including claimed personal documents and other materials, wherever located, not protected under the attorney-client privilege or the work-product doctrine (and with translations into English) that are requested by attorneys or agents of the United States in connection with any Federal Proceeding;

(b) making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys or agents of the United States in connection with any Federal Proceeding;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements or declarations (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or conspiracy to commit such offenses;

(d)     otherwise voluntarily providing the United States with any material or information not requested in (a) - (c) of this Paragraph and not protected under the attorney-client privilege or the work-product doctrine that he or she may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

(f)     agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 16(c), the statute of limitations period for any Relevant Offense, as defined in Paragraph 16(a), will be tolled as to him or her for the period between the date of the signature of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under this Plea Agreement.

## **GOVERNMENT'S AGREEMENT**

15.     Subject to the full, truthful, and continuing cooperation of the defendant and its related entities, as defined in Paragraph 13 of this Plea Agreement, and upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the

recommended sentence, the United States agrees that it will not bring further criminal charges against the defendant or any of its related entities, for any act or offense committed before the date of signature of this Plea Agreement that was undertaken in furtherance of an antitrust conspiracy involving the sale of parking heaters in the United States and elsewhere in North America. The non-prosecution terms of this paragraph do not apply to (a) any acts of subornation of perjury (18 U.S.C. § 1622), making a false statement (18 U.S.C. § 1001), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; (b) civil matters of any kind; (c) any violation of the federal tax or securities laws or conspiracy to commit such offenses; or (d) any crime of violence.

16. The United States agrees to the following:

(a) Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 16(c), the United States agrees that it will not bring criminal charges against any current director, officer, or employee of the defendant or its related entities for any act or offense committed before the date of signature of this Plea Agreement and while that person was acting as a director, officer, or employee of the defendant or its related entities that was undertaken in furtherance of any antitrust conspiracy involving the sale of parking heaters in the United States and elsewhere in North America ("Relevant Offense"), except that the protections granted in this paragraph do not apply to the individuals named in Attachment A filed under seal;

(b) Should the United States determine that any current director, officer, or employee of the defendant or its related entities may have information relevant to any Federal Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel

for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c) If any person requested to provide cooperation under Paragraph 16(b) fails to comply fully with his or her obligations under Paragraph 14, then the terms of this Plea Agreement as they pertain to that person and the agreement not to prosecute that person granted in this Plea Agreement will be rendered void and the United States may prosecute such person criminally for any federal crime of which the United States has knowledge, including but not limited to any Relevant Offense;

(d) Except as provided in Paragraph 16(e), information provided by a person described in Paragraph 16(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offense, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses;

(e) If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 14 of this Plea Agreement, the agreement in Paragraph 16(c) not to use that information or any information directly or indirectly derived from it against that person in a criminal case will be rendered void;

(f) The non-prosecution terms of this paragraph do not apply to civil matters of any kind; any violation of the federal tax or securities laws, or conspiracy to commit such offenses; any crime of violence; perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making a false

statement or declaration (18 U.S.C. §§ 1001, 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses; and

(g) Documents provided under Paragraphs 13(a) and 14(a) will be deemed responsive to outstanding grand jury subpoenas issued to the defendant or any of its related entities.

17. The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offense, to subject such person to arrest, detention, or service of process, or to prevent such person from departing the United States. This paragraph does not apply to an individual's commission of perjury or subornation of perjury (18 U.S.C. §§ 1621-22), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), contempt (18 U.S.C. §§ 401-402), or conspiracy to commit such offenses.

18. The defendant understands that it may be subject to suspension or debarment action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take. However, the Antitrust Division agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner, and extent of the cooperation of the defendant and its related entities as a matter for that agency to consider before determining what action, if any, to take. The defendant nevertheless affirms that it wants to plead guilty regardless of any suspension or debarment consequences of its plea.

## REPRESENTATION BY COUNSEL

19. The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation. The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charge, any possible defenses to the charge, and the nature and range of possible sentences.

## VOLUNTARY PLEA

20. The defendant's decision to enter into this Plea Agreement and tender a plea of guilty is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement and its Attachments A (filed under seal) and B. The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

21. The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant or any of its related entities has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 13 of this Plea Agreement, or has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery, email, or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant and its related entities shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant agrees that, in the

event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant or any of its related entities for any offense referred to in Paragraph 15 of this Plea Agreement, the statute of limitations period for such offense will be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

22. The defendant understands and agrees that in any further prosecution of it or its related entities resulting from the release of the United States from its obligations under this Plea Agreement, because of the defendant's or any of its related entities' violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by it, its related entities, or their current directors, officers, or employees to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it or its related entities. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

23. This Plea Agreement and its Attachments A (filed under seal) and B constitute the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

24. The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

16

25. The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

Dated: January 19, 2015

AGREED TO BY:

BY: _____
Alexander Ade
Director, Legal & Insurance
Eberspaecher Climate Control Systems
GmbH & Co. KG
On behalf of Espar Inc.

BY: _____
MICHAEL F. TUBACH
O'Melveny & Myers LLP
Counsel for Espar Inc.

BY: _____
STEPHEN J. McCAHEY
Assistant Chief, New York Office
Antitrust Division
U.S. Department of Justice

_____
CARRIE A. SYME
ANTONIA R. HILL
Attorneys, New York Office
Antitrust Division
U.S. Department of Justice
26 Federal Plaza, Room 3630
New York, NY 10278
Tel: (212) 335-8036
Fax: (212) 335-8023
Email: carrie.syme@usdoj.gov

17

## ATTACHMENT B TO PLEA AGREEMENT

### GUARANTEE

In consideration of the January 19, 2015 Plea Agreement between the United States and Espar Inc. ("Plea Agreement") to which this Guarantee is attached, Eberspaecher Climate Control Systems International Beteiligungs-GmbH ("Eberspaecher," Espar Inc.'s parent company), knowingly and voluntarily agrees that it will act as guarantor to the United States for payment of the criminal fine of $14,970,000.00 imposed on Espar Inc. pursuant to the Plea Agreement, Paragraph 9. The signature of Eberspaecher's authorized representative below is an acknowledgment of Espar Inc.'s indebtedness to the United States in the above-stated amount and Eberspaecher's unconditional and irrevocable guarantee of that criminal fine pursuant to the terms of the Plea Agreement.

As guarantor, Eberspaecher agrees that in the event that Espar Inc. fails to make the payment as set forth in Paragraph 9 of the Plea Agreement (for whatever reason, including but not limited to, bankruptcy, dissolution, or any other event), Eberspaecher shall cure any such delinquent payment (as defined by 18 USC § 3572 (h)), including any accrued interest, within thirty (30) days of the date the fine became delinquent and will make such payment in accordance with the terms of the sentence imposed by the District Court pursuant to the Plea Agreement.

If Eberspaecher fails to make payment of the full outstanding balance (including interest) due as required above, the United States may proceed against Eberspaecher to enforce collection of the entire amount due and owing to the United States, plus interest and the costs of collection (including reasonable attorney's fees), by filing a lawsuit or by any other legal method available. In such event, Eberspaecher agrees to be jointly and severally liable for the entire amount then due and owing, plus interest and costs thereof. Eberspaecher waives promptness, diligence, protest, presentment, notice of acceptance, and, except as expressly provided herein, any and all notices of any kind and any requirement that the United States exhaust any right or take any action against any other person or entity or collateral.

Eberspaecher agrees that the exclusive jurisdiction and venue for any dispute arising between it and the United States with respect to this Guarantee will be the United States District Court for the Eastern District of New York, and that any such dispute will be governed by and interpreted in accordance with the laws of the United States. Eberspaecher will indemnify the United States against all losses, costs, and expenses incurred in connection with the enforcement of this Guarantee against it.

The undersigned attests that he or she is authorized to enter into this guarantee on behalf of Eberspaecher.

Dated: 12. Jan. 2015

By: _____
Alexander Ade
Director, Legal & Insurance
Eberspaecher Climate Control
Systems GmbH & Co.KG

# RESOLUTION OF THE DIRECTORS
# OF
# ESPAR, INC.
## (the "Corporation")

At the meeting of the Board of Directors of Espar, Inc. ("**Espar**") held on January 9th 2015, the Board:

CONFIRMED that, consistent with the Eberspächer Group's 2013 Annual Report, Espar's immediate parent corporation is Eberspaecher Climate Control Systems International Beteiligungs-GmbH; Espar's indirect parent corporations are Eberspaecher Climate Control Systems GmbH & Co. KG (formerly known as J. Eberspaecher GmbH & Co. KG) and Eberspaecher Gruppe GmbH & Co. KG, and Espar's affiliate is Espar Products Inc.;

RESOLVED, that the execution, delivery, and performance of the Plea Agreement between the United States Department of Justice and Espar, in substantially the form attached hereto, is hereby approved;

RESOLVED, that Mr. Alexander Ade, General Counsel of Eberspächer Climate Control Systems GmbH & Co., KG, parent company of Espar, is authorized, empowered, and directed to execute and deliver the Plea Agreement in the name of and on behalf of Espar; and

RESOLVED, that Mr. Ade is authorized, empowered, and directed to represent Espar before any court or governmental agency in order to make statements and confirmations in accordance with the Plea Agreement, including entering a guilty plea on behalf of Espar.

SIGNED by all of the directors of ESPAR, INC. this 9th day of January, 2015.

_____    _____

_____

{0027921:3}